No. 00-169

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 318

302 Mont. 500

15 P.3d 392

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JEREMY LESMEISTER,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: September 28, 2000
Decided: December 12, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 The State of Montana filed a petition to revoke Defendant Jeremy Leismeister's probation in the District Court for the Eighth Judicial District in Cascade County. The District Court entered a dispositional order pursuant to § 41-5-208, MCA. The dispositional order revoked Lesmeister's suspended commitment and sentenced Lesmeister to the Department of Corrections until the age of 25 with one year suspended. Lesmeister now appeals from the District Court's dispositional order on the grounds that it exceeded the sentencing authority of the District Court. We affirm the order of the District Court.

¶2 The sole issue presented on appeal is whether the District Court erred when it revoked Lesmeister's suspended sentence.

## FACTUAL BACKGROUND

¶3 The Youth Court for the Eighth Judicial District originally declared Jeremy Lesmeister a delinquent youth and a serious juvenile offender. Following a dispositional hearing on December 15, 1997, the Youth Court entered a dispositional order convicting Lesmeister of felony escape, accountability for negligent arson, obstructing a police officer, misdemeanor assault, and felony common scheme theft. The Youth Court dispositional order simultaneously transferred Lesmeister's case to the District Court pursuant to § 41-5-208, MCA, and placed Lesmeister on formal probation until the age of 25. At the time of the dispositional order, Lesmeister was 18 years old.

¶4 On April 17, 1998, the County Attorney for Cascade County filed a petition to revoke Lesmeister's probationary sentence. Following a hearing, the District Court issued an order for revocation of Lesmeister's deferred sentence. The District Court order committed Lesmeister to the Department of Corrections until he reached the age of 25, with the entire commitment suspended upon certain conditions.

¶5 On October 26, 1998, the Cascade County Attorney filed a petition to revoke Lesmeister's suspended sentence. The petition alleged several violations of the terms of Lesmeister's suspended sentence.

Following a hearing, the District Court recommitted Lesmeister to the Department of Corrections until age 25. The District Court again suspended Lesmeister's sentence.

¶6 On September 29, 1999, the Cascade County Attorney filed yet another petition to revoke Lesmeister's suspended sentence based on further violations of the terms of his probation. On November 30, 1999, Lesmeister appeared in court and admitted eight different violations of the conditions of his probation. On December 28, 1999, the District Court revoked Lesmeister's suspended sentence and thereby committed him to the Department of Corrections until the age of 25, with one year suspended. The dispositional order of the District Court recommended that Lesmeister serve his time at boot camp, pre-release, or the Intensive Supervision Program.

¶7 On February 11, 2000, Lesmeister filed a Notice of Appeal which challenged the legality of the District Court's dispositional order of December 28, 1999.

## DISCUSSION

¶8 Did the District Court err when it revoked Lesmeister's suspended sentence?

¶9 We review a criminal sentence to determine whether the sentence is within the parameters provided by statute. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont 288, ¶ 15, 983 P.2d 937, ¶ 15. When a challenge to a district court's sentence involves a question of statutory interpretation, we review the district court's interpretation of the law to determine whether that interpretation is correct. *Montoya*, ¶ 16.

¶10 Lesmeister challenges the legality of the District Court's sentence on appeal. Lesmeister contends that because he was not incarcerated in a youth facility at the time his case was transferred to the District Court, the District Court's sentencing authority should have been limited to the provisions of § 41-5-208 (4), MCA. Lesmeister further argues that pursuant to § 41-5-208(4), MCA, the District Court may only impose the conditions provided for pursuant to §§ 46-18-201 through -203, MCA, which does not include a sentence to the Department of Corrections.

¶11 Section 41-5-208(4), MCA, provides as follows: "If a youth whose case has been transferred to district court under this section violates a disposition previously imposed under 41-5-1512 or 41-5-1513, the district court may, after hearing, impose conditions as provided under 46-18-201 through 46-18-203."

¶12 Section 46-18-201, MCA, provides that a district court may defer imposition of sentences, suspend execution of sentence, and may impose a sentence that includes a fine, order of payment of costs, or a term of incarceration at a county detention center or state prison. The statute also provides that the court imposing a sentence may commit an offender to the Department of Corrections where all but the first five years are suspended. *See* § 46-18-201(3)(d)(i), MCA. Moreover, the district court may revoke a suspended sentence in favor of the sentence imposed where the judge finds that the offender has violated

the terms and conditions of the suspended sentence. *See* § 46-18-203(7)(iii), MCA. Based on the plain language of the relevant statutes, we hold that the District Court had the statutory authority to revoke Lesmeister's suspended commitment to the Department of Corrections. Consequently, we affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART